UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JOYCE WALSH | : | CIVIL ACTION NO. |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| LAW OFFICES OF HOWARD LEE SCHIFF, P.C. and JEANINE DUMONT, ESQ. | : | |
| | : | |
| Defendants. | : | July 13, 2011 |

**COMPLAINT**

Plaintiff Joyce Walsh ("Plaintiff"), brings this action against defendants, Law Offices of Howard Lee Schiff ("HLS") and Jeanine Dumont, Esq. ("Jeanine Dumont") (collectively "Defendants") based upon certain illegal activities engaged in by Defendants during the collection, servicing, and litigation of an alleged debt. The Defendants violated multiple provisions of the Fair Debt Collections Practices Act (*15 USC § 1692 et seq.* ("FDCPA")).

Plaintiff also sues based upon certain statutory violations by Defendants of provisions of *Conn. Gen. Stat. § 42-110a, et seq.,* the Connecticut Unfair Trade Practices Act ("CUTPA").

Plaintiff seeks to recover damages suffered as a result of such violations under the FDCPA and CUTPA.

**JURISDICTION AND VENUE.**

1. Federal jurisdiction is premised upon the existence of a federal claim or controversy and is invoked under *15 U.S.C. § 1692k(d)* without regard to jurisdictional amount or diversity of citizenship. and supplemental jurisdiction is proper under *28 U.S.C. § 1367* for the pendent State law claims.

2. Plaintiff's Connecticut law claims are so related to the federal law claims raised in this complaint that they form part of the same case or controversy under Article III of the United States Constitution.

3. The issues raised by the state-law claims are no more novel or complex than the federal law claims, nor do they substantially predominate over the federal-law claims. The district court's exercise of supplemental jurisdiction would avoid unnecessary duplication and multiplicity of actions, and should be exercised in the interests of judicial economy, convenience and fairness.

4. Venue in this Court is proper under *28 U.S.C. § 1391*, in that all defendants regularly conduct business in the District of Connecticut and all of the events, occurrences, and property that are relevant to this case occurred and/or are located in this District.

**THE PARTIES.**

5. The Plaintiff is over the age of 18, resides at 129 Breezy Corners Road, Portland, CT 06480 in the County of Middlesex, is a natural person, and is a consumer, as defined by the FDCPA.

6. The Defendant, HLS is a law firm registered as a Professional Corporation in the State of Connecticut with offices and a place of business located at 510 Tolland Street, East Hartford, CT 06108.  It maintains a Connecticut Juris Number (# 419040) in the state of Connecticut.

7. The Defendant, Jeanine Dumont (Juris No.303087) is an attorney employed by the Defendant HLS and maintains an address at 510 Tolland Street, East Hartford, CT 06108.

## STATEMENT OF FACTS.

8. Discover Bank claimed that Plaintiff owed a debt in the amount of $6,378.06 (the "Alleged Debt").

9. Plaintiff is a natural person obligated or allegedly obligated to pay the Alleged Debt and is therefore a "consumer" as defined pursuant to *15 U.S.C. §1692a(3)*.

10. **HLS** has been the firm of record in connection with the collection of thousands of debt collection lawsuits during the last 10 years.

11. **HLS** regularly, directly or indirectly, collect, or attempt to collect debts owed, due, or asserted to be owed to another.

12. At all times complained of herein, **HLS** was the firm of record for the Action.

13. **Dumont** regularly collects or attempts to collect debts, directly or indirectly, owed or due or asserted to be owed or due another.

14. Defendants used instrumentalities of interstate commerce and/or the mails in its business, the principal purpose of which is the collection of debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and are therefore "debt collectors" as defined pursuant to *15 U.S.C. §1692a(6)*.

15. The Defendants caused an action to be filed against Plaintiff to collect an alleged debt titled, *Discover Bank v. Walsh, Joyce*[1], Docket No. MMX-CV10-6002296-S, initiated in the

---

[1] Docket is attached as Exhibit A.

3

Middletown Superior Court in the Judicial District of Middlesex and filed on 04/19/2010 (the "Action").

16. Defendants alleged that Plaintiff owed for certain credit card charges. Without admitting to the Alleged Debt or if a debt still exists, said debt is the subject of a transaction which is primarily for personal, family or household purposes.

17. Defendants made multiple false, deceptive, and/or misleading representations in the course of litigating the Action and used unfair acts, deceptive practices, and wrongful means in attempts to collect the Alleged Debt.

18. Plaintiff has suffered and continues to suffer: monetary damages; an ascertainable loss of money or property; humiliation, mental pain and anguish; and, damages to her credit report and reputation, all as a direct and proximate result of Defendants' willful, wanton and intentionally reckless conduct.

### CLAIM ONE - AS TO DEFENDANT JEANINE DUMONT, ESQ.

**Count One - Violations of Fair Debt Collection Practices Act *15 U.S.C. §1692 et seq.* for False, Misleading, and Deceptive Methods in Litigation and Collection of the Alleged Debt.**

19. Plaintiff alleges, recites, and incorporates by reference each allegation, statement, and/or representation contained in paragraphs 1-18, as if fully restated herein.

20. Upon information and belief, Jeanine Dumont was acting in her capacity as an employee, principal, partner, associate, and/or agent of defendant HLS.

21. At all times, Jeanine Dumont acted within scope of her employment and under control of HLS.

22. On 7/14/2010, Jeanine Dumont filed an Objection to Plaintiff's Request for Extension of Time to Plead ("Objection to Request") (Entry No. 104.00). The Objection to Request is hereby incorporated herein as if fully restated herein.[2]

23. In the Objection to Request, Jeanine Dumont claims that Pro Se Defendant's [Plaintiff's] Discovery Requests were "drafted by someone not licensed in Connecticut and obtained over the Internet as part of a scam." (See paragraph 1 of Objection to Request).

24. On 7/15/2010, Jeanine Dumont filed a Coversheet to her Responses to Pro Se Defendant's [Plaintiff's] Requests for Admissions, Interrogatories and Requests for Production ("Coversheet") (Entry No. 106.00). The Coversheet is hereby incorporated as if fully restated herein.[3]

25. In the Coversheet, Jeanine Dumont again alleges that Pro Se Defendant's [Plaintiff's] Discovery Requests were obtained as part of an Internet scam, stating that she objected to the Requests for Admissions "on the grounds that these are pro forma definitions drafted by someone who is not licenses [sic] to practice law in Connecticut and how [sic] may not be ethically provide legal advice to the Defendant [Plaintiff]; this person needs to be reported to the statewide grievance committee since this conduct is illegal and a scam."

26. On 2/22/2011, Jeanine Dumont filed an Affidavit in support of her Motion to Determine Sufficiency of Admissions ("Affidavit") (Entry No. 146.00). The Affidavit is hereby incorporated as if fully stated herein.[4]

---

[2] Attached as Exhibit B
[3] Attached as Exhibit C
[4] Attached as Exhibit D

27. In the Affidavit, Jeanine Dumont admits to having sent Plaintiff bank statements related to a different case (see paragraph 4). The bank statements were attached to her responses to Plaintiff's discovery requests.

28. Also in the affidavit, Jeanine Dumont alleges that Attorney J. Hanson Guest "threatened and bullied" her during telephone communications.

29. On 12/16/2010, Jeanine Dumont filed a Motion for Default pursuant to CPB §13-14 ("Default") (Entry No. 121.00). The Default is hereby incorporated as if fully stated herein.[5]

30. Plaintiff filed an Objection to the Default on 12/23/2010 ("Objection") (Entry No. 122.00), stating that the Plaintiff was not in default. Jeanine Dumont's Default was premature, as Plaintiff had until 1/6/2011 to respond to Jeanine Dumont's discovery. The Objection was sustained by the Court on 1/11/2011 (Entry No. 122.10).

31. Jeanine Dumont certified that her pleadings were mailed to Plaintiff on the dates that they were filed. However, on numerous occasions, the mailings were not postmarked until one or two days after the pleading was certified to have been mailed.

32. Jeanine Dumont therefore filed, caused to be filed, or had a reckless indifference to the fact that documents containing false certifications were filed and forwarded to Plaintiff and/or Plaintiff's agent.

**Count Two** – **Violations of the Connecticut Unfair Trade Practices Act.**

33. Plaintiff alleges, recites, and incorporates by reference each allegation, statement, and/or representation contained in paragraphs 1-32, as if fully restated herein.

---

[5] Attached as Exhibit E

6

34. This claim for relief arises under the Connecticut Unfair Trade Practices Act ("CUTPA"), *Conn. Gen. Stat. §§ 42-110a*, *et seq.*

35. By the misrepresentations and non-disclosure of material facts alleged above, Jeanine Dumont deceived Connecticut consumers, including the Plaintiff.

36. Jeanine Dumont, on multiple occasions, violated the FDCPA.

37. This conduct constitutes unlawful, unfair, deceptive and fraudulent business practices within the meaning of Connecticut consumer protection statutes.

38. The Plaintiff was compelled to pay unjustified and excessive charges and penalties, and collection expenses, resulting in an ascertainable loss for the Plaintiff.

39. Accordingly, through this action, the Plaintiff seeks compensation for the damages that she incurred in connection with the collection, servicing, and litigation of her Alleged Debt under Conn. Gen. Stat. § 42-110(g) the Plaintiff is entitled to her actual damages, punitive damages, injunctive relief, costs and attorneys fees.

### CLAIM TWO: AS TO DEFENDANT HLS.

**Count One** - Violations of Fair Debt Collection Practices Act *15 U.S.C. §1692 et seq.* **for False, Misleading, and Deceptive Methods in Litigation and Collection of the Alleged Debt Due to the Actions of Jeanine Dumont and employees of HLS for which HLS is directly and/or Vicariously Liable.**

40. Plaintiff alleges, recites, and incorporates by reference each allegation, statement, and/or representation contained in paragraphs 1-39, as if fully restated herein.

41. HLS is vicariously liable for any and all of the violations of *15 U.S.C. § 1692 et seq.* committed by its employees.

42. Jeanine Dumont indicated that HLS forwards documents to the post office after the date of certification based on requirements of the post office.

43. HLS knew, should have known, or had a reckless indifference to the fact that the documents and pleadings mailed by its employees contain a false certification.

44. HLS authorizes its employees to execute affidavits pursuant to that agreement.

45. Employees of HLS submit such affidavits into court.

46. As a proximate cause of the representations by HLS and its employees, including Jeanine Dumont, Plaintiff suffered and continues to suffer monetary damages, and has an ascertainable loss of money and property.

47. Through its willful and intentional misconduct, HLS directly and proximately caused the Plaintiff humiliation, mental pain and anguish.

48. Through its willful and intentional misconduct, HLS directly and proximately caused damage to the Plaintiff's credit report and reputation.

**Count Two – Violations of the Connecticut Unfair Trade Practices Act Due to the Actions of Jeanine Dumont for which HLS is directly and/or Vicariously Liable.**

49. Plaintiff alleges, recites, and incorporates by reference each allegation, statement, and/or representation contained in paragraphs 1-48, as if fully restated herein.

50. This claim for relief arises under the Connecticut Unfair Trade Practices Act ("CUTPA"), *Conn. Gen. Stat. §§ 42-110a*, *et seq.*

51. HLS is directly and/or vicariously liable for any and all of the violations of CUTPA *Conn. Gen. Stat. §§ 42-110a*, *et seq.* committed by its employees.

### Conclusion

52. Based on the foregoing, Defendants have violated the following FDCPA provisions: 15 U.S.C. §1692(e); 15 U.S.C. §1692(e)(2)(A); 15 U.S.C. §1692(e)(7). In addition, Defendants have also violated the Connecticut Unfair Trade Practices Act ("CUTPA"), *Conn. Gen. Stat. §§ 42-110a*, *et seq.*

### Jury Demand

The Plaintiff demands trial by jury for all issues so triable.

### Prayer for Relief

WHEREFORE, the Plaintiff prays that the Court grant the following relief:

As to Defendant Jeanine Dumont:

Count One:

1. Declare that the Defendant has engaged in conduct which constitutes unlawful practices under FDCPA.
2. All such relief as is, or may be, available pursuant to 1*5 U.S.C. 1692k(1)*, *15 U.S.C. 1692k(2)(A)*, and *15 U.S.C. 1692k(3)*;
3. Monetary damages;
4. Statutory damages;
5. Interest and Costs;

6. Legal Fees;

7. Equitable Relief;

8. Judgment in Plaintiff's favor;

9. Such other relief as the Court deems fair, just, equitable and proper under the circumstances;

Count Two:

10. Declare that the Defendant has engaged in conduct which constitutes unlawful practices under CUTPA.

11. All such relief as is, or may be, available pursuant to *Conn. Gen. Stat. § 42-110(g), et seq.*

12. Monetary damages;

13. Statutory damages;

14. Interest and Costs;

15. Legal Fees;

16. Equitable Relief;

17. Judgment in Plaintiff's favor;

18. Such other relief as the Court deems fair, just, equitable and proper under the circumstances; and,

19. Award Plaintiff judgment against Defendant for punitive or exemplary damages.

As to Defendant HLS:

Count One:

1. Declare that the Defendant has engaged in conduct which constitutes unlawful practices under FDCPA;

2. All such relief as is, or may be, available pursuant to 1*5 U.S.C. 1692k(1)*, *15 U.S.C. 1692k(2)(A)*, and *15 U.S.C. 1692k(3)*;

3. Monetary damages;

4.  Statutory damages;

5.  Interest and Costs;

6.  Legal Fees;

7.  Equitable Relief;

8.  Judgment in Plaintiff's favor;

9.  Such other relief as the Court deems fair, just, equitable and proper under the circumstances; and,

Count Two:

10. Declare that the Defendant has engaged in conduct which constitutes unlawful practices under CUTPA.

11. All such relief as is, or may be, available pursuant to *Conn. Gen. Stat. § 42-110(g)*, *et seq.*

12. Monetary damages;.

13.

14. Statutory damages;

15. Interest and Costs;

16. Legal Fees;

17. Equitable Relief;

18. Judgment in Plaintiff's favor;

19. Such other relief as the Court deems fair, just, equitable and proper under the circumstances; and,

20. Award Plaintiff judgment against Defendant, and each of them jointly and severally, for punitive and/or exemplary damages.

THE PLAINTIFF

    /s/ J. Hanson Guest
By: J. Hanson Guest Esq.
Counsel to Defendant
151 New Park Avenue
Hartford, CT 06106
(860) 231-6250 phone
(860) 231-6252 fax
No.: ct28167

CERTIFICATION

I hereby Certify that on 7/13/2011, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

                                    Plaintiff

                                    By: ____/s/ J. Hanson Guest_____
                                    J. Hanson Guest (ct28167)
                                    Guest & Associates
                                    151 New Park Avenue
                                    Hartford, CT 06120
                                    Phone: (860) 231-6250
                                    Fax: (860) 231-6252
                                    E-Mail: hguest@guest-associates.com