UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

---------------------------------------------------------------X
JOYCE WALSH                                    : Civil No.: 3:11-CV-01111 (SRU)
                                               :
                                               :
            Plaintiff,                         :
                                               :
                                               :
v.                                             :
                                               :
LAW OFFICES HOWARD LEE SCHIFF,                 :
P.C. and JEANINE DUMONT                        :
            Defendants                         :
                                               :
---------------------------------------------------------------X   DECEMBER 20, 2011

## LAW OFFICES HOWARD LEE SCHIFF, P.C.'S and JEANINE DUMONT'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISQUALIFY PLAINTIFF'S COUNSEL

### I.   INTRODUCTION

Pursuant to Rule 3.7 of the Rules of Professional Conduct, the Defendants' respectfully request an Order from this Court: (1) disqualifying Plaintiff's counsel; (2) staying all discovery in this action until the instant motion is determined; and (3) for such other and further relief as the Court may deem just and proper. The allegations in the Plaintiff's Complaint stem from nothing more than procedural disputes between Plaintiff's counsel and Jeanine Dumont of Law Offices of Howard Lee Schiff, P.C., making him a necessary witness and subject to disqualification.

### II.   FACTUAL BACKGROUND

This lawsuit, alleging violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq* ("FDCPA"), arises out of a debt collection lawsuit entitled *Discover Bank v. Joyce Walsh*, Docket No. MMX-CV-10-6002296-S, which was pending in the Superior Court of Connecticut, Judicial District of Middletown ("State Court Action"). Complaint ¶ 15. The

1

complaint alleges that the Defendants "made multiple false, deceptive, and/or misleading representations in the course of litigation in the [State Court] Action and used unfair acts, deceptive practices, and wrongful means in attempts to collect the Alleged Debt." Complaint ¶ 17.  The alleged "false, deceptive and/or misleading representations" include: (1) a statement by Jeanine Dumont that the defendant's (plaintiff's) discovery requests were "drafted by someone not licensed in Connecticut and obtained over the Internet as part of a scam" (Complaint ¶23); (2) that Jeanine Dumont admitted to providing defendant (plaintiff) with the wrong bank statements and correcting that mistake (Complaint ¶ 27); (3) that Jeanine Dumont swore in her affidavit that the defendant's (plaintiff's) counsel " threatened and bullied" her during phone conversations (Complaint ¶ 28); (4) that Jeanine Dumont filed a motion for default for failure to plead prematurely (Complaint ¶¶ 29-30); and (5) that Jeanine Dumont did not mail pleadings on the dates that were indicated on her certificates of service (Complaint ¶ 31).

The allegations in the Complaint make it impossible for the Plaintiff's counsel to remain an advocate for the Plaintiff as he will be a necessary witness called by the Defendants to refute the allegations stated above.  Furthermore, the Plaintiff's counsel has a serious conflict of interest in that he is seeking not only attorney's fees for the current FDCPA action he filed on behalf of the Plaintiff in this Court, he is seeking fees that relate to the State Court Action, which have already been denied by the state court judge.  The Plaintiff is limited to statutory damages under the FDCPA in the amount of $1,000.00, plus reasonable attorney's fees and costs, if it is found that the Defendants have violated the FDCPA, something the Defendants deny.  As the allegations in the Complaint fail to state a cause of action under the FDCPA, something that is addressed in a separate motion to dismiss, and stem solely from the alleged litigation tactics of the Defendants, the Plaintiff's counsel appears to have brought this litigation for the sole purpose

of obtaining attorney's fees.[1]  This is not permissible under Rule 1.7 of the Rules of Professional Conduct.

## III. LEGAL STANDARD

### A. Standard of Review

Rule 3.7 of the Rules of Professional Conduct governs whether an attorney should be disqualified when he or she is a necessary witness.  The rule states [in relevant part]: "(a) A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness except where: (1) The testimony relates to an uncontested issue; (2) the Testimony relates to the nature and value of legal services rendered in the case; or (3) disqualification of the lawyer would work substantial hardship on the client." (Internal quotation marks omitted). *Matlis v. Probate Appeal*, Superior Court, Judicial District of Tolland at Rockville, Docket No. CV 03-0082717 (Nov. 19, 2004, Scholl, J.).  "Disqualification of counsel is a remedy that serves to enforce the lawyer's duty to absolute fidelity and to guard against the danger of inadvertent use of confidential information." (Internal quotation marks omitted). *Bergeron v. Mackler*, 225 Conn. 391, 397, 623 A.2d 489 (1993).

In the instant matter, the Plaintiff's counsel's testimony will be required to allow the Defendants to defend the allegations in the Complaint, which are all contested.  This testimony will not relate to the nature and value of the legal services Plaintiff's counsel rendered, but rather the nature and propriety of the legal services rendered by Defendants' counsel.  Finally, the disqualification of the Plaintiff's counsel will not work a substantial hardship on the Plaintiff.  The complaint was filed in October and there has not been any significant developments in the

---

[1] The Plaintiff's counsel attempted a similar suit in this Court in *Klein v. Solomon & Solomon, P.C.*, Docket No. 3:10-CV-01800, which was dismissed by Judge Eginton on October 27, 2011 ("the complaint does not contain any allegations of false representations that could be construed as material so as to mislead plaintiff in his repayment of or challenge to the debt.")  Attached hereto as **Exhibit A**.

matter, save for the preparing and filing of the parties' Rule 26f report, which can be amended if new counsel is appointed. Furthermore, the disqualification of the Plaintiff's counsel is necessary to separate the damages that she may allegedly be owed under the Fair Debt Collection Practices Act and the Plaintiff's counsel's attempts to secure his attorney's fees, not only for this matter, but for the underlying State Court action, something that was not permitted by the State Court judges.

### IV.   ARGUMENT

"The [] Court has broad discretionary power in ruling upon a motion to disqualify." *Anziano v. Harbor Hill Care Center, Inc.*, Superior Court, Judicial District of Middlesex at Middletown, Docket No. CV-04-0103648 (Nov. 2, 2004, Aurigemma, J.). The Court "must be solicitous of a client's right to freely choose his counsel . . . mindful of the fact that a client whose attorney is disqualified may suffer the loss of time and money in finding new counsel and may lose the benefit of its longtime counsel's specialized knowledge of its operations . . . The competing interests at stake in the motion to disqualify, therefore, are: (1) the defendant's interest in protecting confidential information; (2) the plaintiff's interest in freely selecting counsel of their choice; and (3) the public' interest in the scrupulous administration of justice." (Citations omitted; internal quotation marks omitted) *Bergeron v. Mackler, supra*, 225 Conn. 397-98.

"Whether a witness ought to testify is not alone determined by the fact that he has relevant knowledge or was involved in the transaction at issue. Disqualification may be required only when it is likely that the testimony to be given by the witness is necessary." (Internal quotation marks omitted). *Anziano v. Harbor Hill Care Center, Inc., supra*, Superior Court, Docket No. CV-04-0103648. "[A] strong showing that the testimony of the opposing attorney is

4844455v.1

truly necessary is required before the court may grant a motion to disqualify opposing counsel . . . Testimony may be relevant and even highly useful but still not strictly necessary. A finding of necessity takes into account such factors as the significance of the matters, weight of the testimony and availability of other evidence." (Citations omitted; internal quotation marks omitted). *Matlis v. Probate Appeal, supra*, Superior Court, Docket No. CV-03-0082717.

"A party moving for disqualification of an opponent's counsel must meet a high standard of proof." (Internal quotation marks omitted). *Penna v. Margolis*, Superior Court, Judicial District of New Haven, Docket No. CV-03-0475408 (Feb. 9, 2004, Zoarski, J.T.R.). "Before permitting a party to disqualify an attorney the moving party bears the burden of proving facts which indicate disqualification is necessary. The courts should act very carefully before disqualifying an attorney and negating the right of a client to be represented by counsel of choice." (Internal quotation marks omitted). *Sommers & Assoc., P.C. v. Kendell*, Superior Court, Judicial District of Windham at Putnam, Docket No. CV-064478 (Feb. 23, 2001, Foley, J.)

### A. The Plaintiff's Counsel is a Necessary Witness and *the Only* Witness with Information Relative to the Allegations in the Plaintiff's Complaint.

The Plaintiff's counsel will be called as a witness in this action by the Defendants and his testimony will be necessary to defend the claims alleged in the Plaintiff's Complaint. Furthermore, the Plaintiff's counsel is likely the *only witness* that has knowledge relevant to several of the allegations in the Complaint, including, but not limited to: (1) the Connecticut Rules of Practice; (2) the statements made by him and/or Attorney Jeanine Dumont made during the course of litigation as alleged in the Complaint; and (3) the circumstances the ultimately lead to the dismissal of the State Court action.

Rule 3.7 of the Rules of Professional Conduct states in pertinent part: "(a) A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness unless: (1) The testimony relates to an uncontested issue; (2) The testimony relates to the nature and value of legal services rendered in the case; or (3) Disqualification of the lawyer would work a substantial hardship on the client." The Defendants intend to call the Plaintiff's counsel as a material witness concerning the defense of the allegations in the Complaint. As such, the Plaintiff's counsel cannot be an advocate.

### B. A Conflict of Interest in Violation of Rule 1.7 Exists Between the Plaintiff and her Counsel.

There is a conflict of interest in violation of Rule 1.7 of the Rules of Professional Conduct between the Plaintiff and her counsel. The Plaintiff's counsel attempted to obtain his attorney's fees in the State Court action and was denied the same by the State Court judge. As a consequence, the Plaintiff's counsel brought the instant suit alleging violations of the FDCPA in an attempt to not only get his fees for the instant action, but to collect his fees for the State Court action. As the allegations in the Complaint fail to state a cause of action under the FDCPA, something that is addressed in a separate motion to dismiss, and stem solely from the alleged litigation tactics of the Defendants, the Plaintiff's counsel appears to have brought this litigation for the sole purpose of obtaining attorney's fees for which he has already been denied.

Furthermore, the Plaintiff's counsel is aware that this Court in *Klein v. Solomon & Solomon, P.C., et al*, Docket No. 3:10-cv-01800, dismissed an almost identical action finding that "the complaint does not contain any allegations of false representation that could be construed as material so as to mislead plaintiff in his repayment of or challenge to the debt." *See* **Exhibit A**. To continue to litigate this action in an effort to obtain fees for the State Court action as well as continuing fees for this action when the Plaintiff's counsel is aware that there

has been no violation of the FDCPA is detrimental the Plaintiff as she may be responsible for any fees that are not ultimately awarded.

### IV. Conclusion

On the basis of the foregoing, the Defendants respectfully urge this Court to: (1) disqualifying Plaintiff's counsel; and (2) stay all discovery in this action until the instant motion is determined.

Dated:   New York, New York
         December 20, 2011

                                        Yours, etc.

                                        WILSON, ELSER, MOSKOWITZ,
                                        EDELMAN & DICKER LLP


                                        By: /s/ Jill E. Alward
                                            Thomas A. Leghorn
                                            Jill E. Alward
                                            Attorneys for Defendants
                                            LAW OFFICE OF HOWARD LEE
                                            SCHIFF, P.C. and JEANINE DUMONT
                                            150 East 42nd Street
                                            New York, New York 10017-5639
                                            (212) 490-3000
                                            File No. 01209.02089

7

4844455v.1

## CERTIFICATE OF SERVICE

      I hereby certify that on December 20, 2011, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

J. Hanson Guest, Esq.
151 New Park Ave.
Hartford, CT 06106

                                                     /s/ Jill E. Alward
                                                   Jill E. Alward

4844455v.1