UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

---------------------------------------------------------------X
JOY WALSH                                                      :   Civil No.: 3:11-cv-01408 (CFD)
                                                               :
            Plaintiff,                                         :
                                                               :
v.                                                             :
                                                               :
LAW OFFICES HOWARD LEE SCHIFF,                                 :
P.C. and JEANINE DUMONT                                        :
            Defendants                                         :
---------------------------------------------------------------X   JANUARY 20, 2012

**LAW OFFICES HOWARD LEE SCHIFF, P.C.'S and JEANINE DUMONT'S
MOTION TO DISQUALIFY PLAINTIFF'S COUNSEL**

Pursuant to Rule 3.7 of the Rules of Professional Conduct, the Defendants' respectfully request an Order from this Court: (1) disqualifying plaintiff's counsel; (2) staying all discovery in this action until the instant motion is determined; and (3) for such other and further relief as the Court may deem just and proper. The allegations in the plaintiff's Complaint stem from nothing more than procedural disputes between plaintiff's counsel and Jeanine Dumont and Law Offices of Howard Lee Schiff, P.C., making him a necessary witness and subject to disqualification. Furthermore, the plaintiff's counsel is maintaining this action to the detriment of his client in an effort to collect attorney's fees, despite this Court's order in a similar if not identical action, *Klein v. Solomon & Solomon, P.C.*, which was dismissed by Judge Eginton on October 27, 2011. Finally, the plaintiff's counsel has filed this action in order to recover attorney's fees, which the Connecticut Superior Court denied to him on September 1, 2011. A memorandum of law in support of this motion is attached hereto.

1

Dated: January 20, 2012
      New York, New York

                           Yours, etc.

                           WILSON, ELSER, MOSKOWITZ,
                           EDELMAN & DICKER LLP

                    By: */s/ Jill E. Alward*
                           Thomas A. Leghorn
                           Jill E. Alward
                           Attorneys for
                           LAW OFFICE OF HOWARD LEE
                           SCHIFF, P.C. and JEANINE DUMONT
                           150 East 42nd Street
                           New York, New York 10017-5639
                           (212) 490-3000
                           File No. 01209.02098

**CERTIFICATE OF SERVICE**

      I hereby certify that on January 20, 2012, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

J. Hanson Guest, Esq.
151 New Park Ave.
Hartford, CT 06106

                                                */s/ Jill E. Alward*
                                                Jill E. Alward

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

---------------------------------------------------------------X
JOY WALSH                                           : Civil No.: 3:11-cv-01408 (CFD)
                                                    :
                                                    :
         Plaintiff,                                 :
                                                    :
                                                    :
v.                                                  :
                                                    :
LAW OFFICES HOWARD LEE SCHIFF,                      :
P.C. and JEANINE DUMONT                             :
         Defendants                                 :
---------------------------------------------------------------X   JANUARY 20, 2012


**LAW OFFICES HOWARD LEE SCHIFF, P.C.'S and JEANINE DUMONT'S
MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISQUALIFY
PLAINTIFF'S COUNSEL**

**I.   INTRODUCTION**

Pursuant to Rule 3.7 of the Rules of Professional Conduct, the defendants' respectfully request an Order from this Court: (1) disqualifying plaintiff's counsel; (2) staying all discovery in this action until the instant motion is determined; and (3) for such other and further relief as the Court may deem just and proper. The allegations in the plaintiff's Complaint stem from nothing more than procedural disputes between plaintiff's counsel and Jeanine Dumont of Law Offices of Howard Lee Schiff, P.C., making him a necessary witness and subject to disqualification.  Furthermore, the plaintiff's counsel is maintaining this action to the detriment of his client in an effort to collect attorney's fees, despite this Court's order in a similar, if not identical action, *Klein v. Solomon & Solomon, P.C.*, which was dismissed by Judge Eginton on October 27, 2011.  Finally, the plaintiff's counsel has filed this action in order to recover attorney's fees, which the Connecticut Superior Court denied to him on September 1, 2011.  For

1

these reasons and those stated below, the plaintiff's counsel should be disqualified from prosecuting this action.

## II. FACTUAL BACKGROUND

This lawsuit, alleging violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq ("FDCPA") and the Connecticut Unfair Trade Practices Act ("CUTPA"), Conn. Gen. Stat. § 42-110a, et seq, arises out of a debt collection lawsuit entitled Discover Bank v. Joy Walsh, Docket No. MMX-CV-10-6002125-S, which was pending in the Superior Court of Connecticut, Judicial District of Middlesex ("State Court Action"). Complaint ¶ 15. The complaint in the State Court Action alleged that the defendant (plaintiff) incurred a financial obligation in the amount of $9,576.51 to Discover Bank and defaulted on the same. Complaint ¶¶ 8, 16.

The Plaintiff's complaint alleges that the defendants "made multiple false, deceptive, and/or misleading representations in the course of litigation in the [State Court] Action and used unfair acts, deceptive practices, and wrongful means in attempts to collect the Alleged Debt." Complaint ¶ 17. The alleged "false, deceptive and/or misleading representations" include: (1) the filing of a Motion to Strike from the Docket the Plaintiff's Notice of Service of Requests for Admissions, which plaintiff alleges were properly served on defendants (Complaint ¶¶ 23-27); (2) Jeanine Dumont's admitting to receiving the requests for admissions prior to the filing of her Motion to Strike, despite her representations (Complaint ¶ 28); (3) Jeanine Dumont's "fail[ure] to answer discovery in this $9,576.51 credit card case . . . [and] thereafter [seeking] to cover up her failure with false statements, fabricated documents, and a false affidavit (Complaint ¶ 29); (4) Jeanine Dumont made contradictory statements in her Affidavit in Support of her Relief from Requests for Admissions (Complaint ¶¶ 30-31); (5) Jeanine Dumont made false statements in her

2

affidavit opposing the Plaintiff's counsel's Motion for Sanctions, Contempt and Dismissal for Discovery and Litigation Misconduct (Complaint ¶35-36); (6) Jeanine Dumont's filing a premature Motion for Default pursuant to Connecticut Practice Book § 13-14, despite Plaintiff's counsel having secured an extension (Complaint ¶ 37-38); and (7) Jeanine Dumont's failure to mail pleadings on the dates that were indicated on her certificates of service (Complaint ¶ 39).

The allegations in the Complaint make it impossible for the Plaintiff's counsel to remain an advocate for the Plaintiff as he will be a necessary witness called by the Defendants to refute the allegations stated above. Furthermore, the Plaintiff's counsel has a serious conflict of interest in that he is seeking not only attorney's fees for the current FDCPA action he filed on behalf of the Plaintiff in this Court, he is seeking fees that relate to the State Court Action, which have already been denied by the state court judge. The Plaintiff is limited to statutory damages under the FDCPA in the amount of $1,000.00, plus reasonable attorney's fees and costs, if it is found that the Defendants have violated the FDCPA, something the Defendants deny. As the allegations in the Complaint fail to state a cause of action under the FDCPA, something that is addressed in a separate motion to dismiss, and stem solely from the alleged litigation tactics of the Defendants, the Plaintiff's counsel appears to have brought this litigation for the sole purpose of obtaining attorney's fees.[1] This is not permissible under Rule 1.7 of the Rules of Professional Conduct.

---

[1] The Plaintiff's counsel attempted a similar suit in this Court in *Klein v. Solomon & Solomon, P.C.*, Docket No. 3:10-CV-01800, which was dismissed by Judge Eginton on October 27, 2011 ("the complaint does not contain any allegations of false representations that could be construed as material so as to mislead plaintiff in his repayment of or challenge to the debt.") Attached hereto as **Exhibit A**.

3

4897560v.1

### III. LEGAL STANDARD

#### A. Standard of Review

Rule 3.7 of the Rules of Professional Conduct governs whether an attorney should be disqualified when he or she is a necessary witness. The rule states [in relevant part]: "(a) A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness except where: (1) The testimony relates to an uncontested issue; (2) the Testimony relates to the nature and value of legal services rendered in the case; or (3) disqualification of the lawyer would work substantial hardship on the client." (Internal quotation marks omitted). *Matlis v. Probate Appeal*, Superior Court, Judicial District of Tolland at Rockville, Docket No. CV 03-0082717 (Nov. 19, 2004, Scholl, J.). "Disqualification of counsel is a remedy that serves to enforce the lawyer's duty to absolute fidelity and to guard against the danger of inadvertent use of confidential information." (Internal quotation marks omitted). *Bergeron v. Mackler*, 225 Conn. 391, 397, 623 A.2d 489 (1993).

In the instant matter, the plaintiff's counsel's testimony will be required to allow the defendants to defend the allegations in the Complaint, which are all contested. This testimony will not relate to the nature and value of the legal services plaintiff's counsel rendered, but rather the nature and propriety of the legal services rendered by defendants' counsel. Finally, the disqualification of the plaintiff's counsel will not work a substantial hardship on the plaintiff. The complaint was filed in September and there has not been any significant development in the matter. Furthermore, the disqualification of the plaintiff's counsel is necessary to separate the damages that she may allegedly be owed under the Fair Debt Collection Practices Act and the plaintiff's counsel's attempts to secure his attorney's fees, not only for this matter, but for the underlying State Court Action, something that was denied by the State Court judge.

**IV.     ARGUMENT**

"The [] Court has broad discretionary power in ruling upon a motion to disqualify." *Anziano v. Harbor Hill Care Center, Inc.*, Superior Court, Judicial District of Middlesex at Middletown, Docket No. CV-04-0103648 (Nov. 2, 2004, Aurigemma, J.).  The Court "must be solicitous of a client's right to freely choose his counsel . . . mindful of the fact that a client whose attorney is disqualified may suffer the loss of time and money in finding new counsel and may lose the benefit of its longtime counsel's specialized knowledge of its operations . . . The competing interests at stake in the motion to disqualify, therefore, are: (1) the defendant's interest in protecting confidential information; (2) the plaintiff's interest in freely selecting counsel of their choice; and (3) the public' interest in the scrupulous administration of justice." (Citations omitted; internal quotation marks omitted) *Bergeron v. Mackler, supra*, 225 Conn. 397-98.

"Whether a witness ought to testify is not alone determined by the fact that he has relevant knowledge or was involved in the transaction at issue.  Disqualification may be required only when it is likely that the testimony to be given by the witness is necessary."  (Internal quotation marks omitted). *Anziano v. Harbor Hill Care Center, Inc., supra*, Superior Court, Docket No. CV-04-0103648.  "[A] strong showing that the testimony of the opposing attorney is truly necessary is required before the court may grant a motion to disqualify opposing counsel . . . . Testimony may be relevant and even highly useful but still not strictly necessary.  A finding of necessity takes into account such factors as the significance of the matters, weight of the testimony and availability of other evidence." (Citations omitted; internal quotation marks omitted). *Matlis v. Probate Appeal, supra*, Superior Court, Docket No. CV-03-0082717.

5

"A party moving for disqualification of an opponent's counsel must meet a high standard of proof." (Internal quotation marks omitted). *Penna v. Margolis*, Superior Court, Judicial District of New Haven, Docket No. CV-03-0475408 (Feb. 9, 2004, Zoarski, J.T.R.). "Before permitting a party to disqualify an attorney the moving party bears the burden of proving facts which indicate disqualification is necessary. The courts should act very carefully before disqualifying an attorney and negating the right of a client to be represented by counsel of choice." (Internal quotation marks omitted). *Sommers & Assoc., P.C. v. Kendell*, Superior Court, Judicial District of Windham at Putnam, Docket No. CV-064478 (Feb. 23, 2001, Foley, J.)

### A.  The Plaintiff's Counsel is a Necessary Witness and *the Only* Witness with Information Relative to the Allegations in the Plaintiff's Complaint.

The plaintiff's counsel will be called as a witness in this action by the defendants and his testimony will be necessary to defend the claims alleged in the plaintiff's Complaint. Furthermore, the plaintiff's counsel is likely the *only witness* that has knowledge relevant to several of the allegations in the Complaint, including, but not limited to: (1) the Connecticut Rules of Practice; (2) the statements made by him and/or Attorney Jeanine Dumont during the course of litigation as alleged in the Complaint; and (3) the circumstances the ultimately lead to the dismissal of the State Court Action, the denial of his motion for attorney's fees and the status of the appeal that he filed on September 21, 2011.

Rule 3.7 of the Rules of Professional Conduct states in pertinent part: "(a) A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness unless: (1) The testimony relates to an uncontested issue; (2) The testimony relates to the nature and value of legal services rendered in the case; or (3) Disqualification of the lawyer would work a substantial hardship on the client." The defendants intend to call the plaintiff's counsel as a

6

material witness concerning the defense of the allegations in the Complaint.  As such, the plaintiff's counsel cannot be an advocate.

### B. A Conflict of Interest in Violation of Rule 1.7 Exists Between the Plaintiff and her Counsel.

There is a conflict of interest in violation of Rule 1.7 of the Rules of Professional Conduct between the plaintiff and her counsel.  The plaintiff's counsel attempted to obtain his attorney's fees in the State Court Action and was denied the same by the State Court judge.  As a consequence, the plaintiff's counsel brought the instant suit alleging violations of the FDCPA in an attempt to not only get his fees for the instant action, but to collect his fees for the State Court Action.  As the allegations in the Complaint fail to state a cause of action under the FDCPA, something that is addressed in a separate motion to dismiss, and stem solely from the alleged litigation tactics of the defendants, the plaintiff's counsel appears to have brought this litigation for the sole purpose of obtaining attorney's fees for which he has already been denied.

Furthermore, the plaintiff's counsel is aware that this Court in *Klein v. Solomon & Solomon, P.C., et al*, Docket No. 3:10-cv-01800, dismissed an almost identical action finding that "the complaint does not contain any allegations of false representation that could be construed as material so as to mislead plaintiff in his repayment of or challenge to the debt." *See* **Exhibit A**.   To continue to litigate this action in an effort to obtain fees for the State Court Action, which were previously denied by the Superior Court Judge and which are the subject of an appeal filed by the plaintiff's counsel on September 21, 2011, as well as continuing fees for this action when the plaintiff's counsel is aware that there has been no violation of the FDCPA is detrimental the plaintiff as she may be responsible for any fees that are not ultimately awarded.

7

## IV. Conclusion

On the basis of the foregoing, the defendants respectfully urge this Court to: (1) disqualifying plaintiff's counsel; and (2) stay all discovery in this action until the instant motion is determined.

Dated:   New York, New York
         January 20, 2012

>                                Yours, etc.
>
>                                WILSON, ELSER, MOSKOWITZ,
>                                EDELMAN & DICKER LLP
>
>
>                           By:  */s/ Jill E. Alward*
>                                Thomas A. Leghorn
>                                Jill E. Alward
>                                Attorneys for Defendants
>                                LAW OFFICE OF HOWARD LEE
>                                SCHIFF, P.C. and JEANINE DUMONT
>                                150 East 42nd Street
>                                New York, New York 10017-5639
>                                (212) 490-3000
>                                File No. 01209.02098

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 20, 2012, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.


J. Hanson Guest, Esq.
151 New Park Ave.
Hartford, CT 06106


                                                */s/ Jill E. Alward*
                                                Jill E. Alward

# EXHIBIT

# A

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JACK KLEIN,<br>    Plaintiff, | : 3:10cv1800 (WWE)<br>:<br>: |
| v. | :<br>: |
| SOLOMON AND SOLOMON, P.C.,<br>JULIE SOLOMON,<br>    Defendants. | :<br>:<br>: |

### MEMORANDUM OF DECISION ON MOTION TO DISMISS

The genesis of this action is a debt collection action pending in Superior Court of Connecticut related to a promissory note issued to plaintiff Jack Klein. In the instant action, plaintiff alleges that defendants Solomon and Solomon, P.C. and Attorney Julie Solomon made statements in the underlying state court action that violated the Fair Debt Collection Act ("FDCPA"), 15 U.S.C. § 1692.

Defendants have filed a motion to dismiss. For the following reasons, the motion to dismiss will be granted.

### BACKGROUND

For purposes of ruling on this motion, the Court takes the facts alleged in the complaint to be true.

On October 9, 2009, defendants initiated an action entitled CitiMortgage, Inc. v. Jack Klein in Waterbury Superior Court. Attorney Solomon later moved to amend the caption on the basis that Citibank, N.A., not CitiMortgage, was actually the proper plaintiff.

The complaint asserted that CitiMortgage was a "National Banking Association" that had "extended credit under a credit installment agreement" to plaintiff prior to the

commencement of the action to collect a debt incurred by plaintiff.

On January 28, 2010, plaintiff filed a Request to Revise directing defendants to correct the alleged false statement. Attorney Solomon did not respond to the Request to Revise within thirty days as required by the Connecticut Practice Book. She filed the Revised Complaint three days after the Superior Court ordered her to comply with the Request to Revise.

In the Revised Complaint, Attorney Solomon alleged that plaintiff entered into a promissory note with Mortgage It, Inc. that was assigned to CitiMortgage. Solomon deleted the false allegation that CitiMortgage had "extended credit" to plaintiff under a credit installment agreement.

On December 11, 2009, Attorney Solomon filed a motion for default against plaintiff. An accompanying affidavit to the motion stated that CitiMortgage had been retained to collect the debt, and then later stated that CitiMortgage was the owner of the debt.

In February 2010, Attorney Solomon responded to plaintiff's discovery requests by making allegedly false and misleading representations; objected to certain requests that she indicated were irrelevant; and represented that the promissory note, mortgage and assignment of the mortgage were the only documents supporting CitiMortgage's claim of ownership of the debt.

## DISCUSSION

The function of a motion to dismiss is "merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof." Ryder Energy Distribution v. Merrill Lynch Commodities, Inc., 748 F.2d 774,

2

779 (2d Cir. 1984). When deciding a motion to dismiss, the Court must accept all well-pleaded allegations as true and draw all reasonable inferences in favor of the pleader. Hishon v. King, 467 U.S. 69, 73 (1984). The complaint must contain the grounds upon which the claim rests through factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). A plaintiff is obliged to amplify a claim with some factual allegations to allow the court to draw the reasonable inference that the defendant is liable for the alleged conduct. Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1944 (2009).

The FDCPA prohibits the use of "any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. Courts apply an objective test based on the understanding of the "least sophisticated consumer" to determine whether a violation occurred. See Bentley v. Great Lakes Collection Bureau, 6 F.3d 60, 62 (2d Cir. 1993). Even if a statement is false in some technical sense, it does not violate the statute unless it would mislead the unsophisticated consumer. Hasbrouck v. Arrow Fin. Servs. LLC, 2011 WL 1899250, *3 (N.D.N.Y. 2011). Courts considering a FDCPA violation have looked to whether a statement is materially false or misleading. Lane v. Fein, Such and Crane, LLP, 767 F. Supp. 2d 382, 389 (E.D.N.Y. 2011). Statements are materially false and misleading if they influence a consumer's decision or ability to pay or challenge a debt. Hasbrouck, 2011 WL 1899250, at *4.

In this instance, the allegations of the complaint describe procedural defects in connection with state court litigation. However, the complaint does not contain any allegations of false representations that could be construed as material so as to mislead

3

plaintiff in his repayment of or challenge to the debt. Plaintiff argues that defendants' failure to name the Citibank, N.A. as the proper plaintiff caused him harm because he was forced to defend against an improper party. However, plaintiff does not allege that defendants made a representation or statement that impeded his ability to pay or challenge the debt that he had incurred. Accordingly, the motion to dismiss will be granted.

## CONCLUSION

For the foregoing reasons, the motion to dismiss [doc. # 20] is GRANTED. The clerk is instructed to close this case.

_____/s/_____
Warren W. Eginton,
Senior U.S District Judge

Dated this __27__th day of October 2011, at Bridgeport, Connecticut.