UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JOYCE WALSH,<br>    Plaintiff,<br><br>    v.<br><br>LAW OFFICES OF HOWARD<br>LEE SCHIFF, P.C., and<br>JEANINE DUMONT,<br>    Defendants. | No. 3:11-cv-1111 (SRU) |

### RULING ON PLAINTIFF'S MOTION TO AMEND AND/OR PROVIDE ADDITIONAL FINDINGS

Joyce Walsh ("Walsh") brought this consolidated action against Law Offices of Howard Lee Schiff, P.C. ("HLS") and Jeanine Dumont, Esq. (collectively "defendants") alleging violations of the Fair Debt Collections Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), and the Connecticut Unfair Trade Practices Act, Conn. Gen. Stat. § 42-110a, *et seq*. ("CUTPA"), arising out of a pair of debt collection lawsuits that defendants previously filed against Walsh in state court.[1] On September 24, 2012, this Court issued a sixteen-page order dismissing the action for failure to state a claim. *See Walsh v. Law Offices of Howard Lee Schiff, P.C.*, No. 3:11-cv-1111, 2012 WL 4372251 (D. Conn. Sept. 24, 2012) (the "Order").  Judgment entered in favor of defendants the following day (doc. # 59).[2]  Thereafter, on October 23, 2012, Walsh filed a Motion to Amend and/or Provide Additional Findings (the "Motion") pursuant to Federal Rule

---

[1] The actions were originally captioned as follows: *Joyce Walsh v. Law Offices of Howard Lee Schiff, P.C. and Jeanine Dumont*, 3:11-cv-1111 (SRU), and *Joy Walsh v. Law Offices of Howard Lee Schiff, P.C. and Jeanine Dumo*nt, 3:11-cv-1408 (CFD).  The actions were later consolidated on February 13, 2012 (doc. # 34).

[2] Because the actions were consolidated under the caption *Joyce Walsh v. Law Offices of Howard Lee Schiff, P.C. and Jeanine Dumont*, 3:11-cv-1111 (SRU), a single judgment entered in favor of the defendants on September 25, 2012 (doc. # 59).

of Civil Procedure 52(b) (doc. # 60).  The Motion consists of approximately ten (10) requests for clarification and additional findings, which Walsh "believes would help the Plaintiff craft a proper motion for reconsideration or alteration of the judgment." *Id.* at 2.  For the reasons that follow, the Motion (doc. # 60) is DENIED.

Federal Rule of Civil Procedure 52 generally requires district courts to make findings of fact and conclusions of law in all actions tried without a jury, and sets forth the effect to be given those findings on appeal.  *See* Fed. R. Civ. P. 52; 9C WRIGHT, ET AL., FEDERAL PRACTICE & PROCEDURE, § 2571 (3d ed. 2007).  Rule 52(b) provides that, upon a motion "filed no later than 28 days after the entry of judgment, the court may amend its findings—or make additional findings—and may amend the judgment accordingly." Fed. R. Civ. P. 52(b).  Thus, "Rule 52(b) provides a means to dispute underlying facts that resulted in faulty factual findings or conclusions of law based on those facts." *Panton v. United States*, 2010 WL 5422293, at *2 (S.D.N.Y. Dec. 23, 2010).

By its plain language, however, Rule 52 applies only to cases in which a court issues factual findings following a *trial* on the merits.  *See* Fed. R. Civ. P. 52(a)(1) ("In an action *tried on the facts* without a jury or with an advisory jury, the court must find the facts specially and state its conclusions of law separately.") (emphasis added); *see also Sugrue v. Derwinski*, 1993 WL 742742, at *2 (E.D.N.Y. Mar. 30, 1993) ("[A] motion under Rule 52(b) is not available to amend the facts cited in a written opinion dismissing an action under Fed. R. Civ. P. 12; it is limited to a motion to amend the district court's findings of fact after a bench trial.") (citing *Farkas v. Ellis*, 783 F. Supp. 830, 832 (S.D.N.Y.), *aff'd*, 979 F.2d 845 (2d Cir. 1992)).  Indeed, Rule 52 makes explicit that "the court is not required to state findings or conclusions when ruling on a motion under Rule 12 or 56 or, unless these rules provide otherwise, on any other motion."

Fed. R. Civ. P. 52(a)(3).

In the case at bar, the written order for which Walsh seeks additional findings under Rule 52(b) was issued not after a bench trial, but upon a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).  In considering a Rule 12(b)(6) motion, however, the Court does not "find" facts, but rather assumes the truth of factual allegations to determine if the plaintiff has stated a plausible claim for relief.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).  Under those procedural circumstances, Rule 52(b) is simply inapplicable.  *See Sugrue*, 1993 WL 742742, at *2.  Walsh does not (and, indeed, cannot) point to any "factual findings" in the order dismissing her case for which amendments or additional findings are needed.  The Motion is therefore improper and must be denied.

Some courts faced with a faulty Rule 52(b) motion have nevertheless construed the motion as one for reconsideration in order to reach its merits.  *See, e.g.*, *Villalobos v. N.Y. Div. of Parole*, 2012 WL 4040218, at *2 (S.D.N.Y. Sept. 13, 2012) ("[T]o the extent that Villalobos's Rule 52(b) motion can be characterized as a motion for reconsideration, it is denied."); *Paton*, 2010 WL 5422293, at *2 (where the movant's "arguments are purely legal in nature" and "merely contest[] the application of law to his case," the "[Rule 52(b)] motion must be construed solely as a Rule 59(e) motion for reconsideration").  But Walsh's Motion, even if so construed, still fails to pass muster.  Pursuant to Local Rule 7(c), any motion for reconsideration must be filed "within fourteen (14) days of the filing of the decision or order from which such relief is sought."  D. Conn. Local R. Civ. P. 7(c)(1).  Here, the Order granting defendants' motion to dismiss was filed on September 24, 2012 (doc. # 57).  Walsh, however, did not file her Motion until October 23, 2012—some twenty-nine (29) days later.  Accordingly, to the extent the

Motion could be construed as a motion for reconsideration, it must be denied as untimely.[3]

Lastly, to the extent Walsh seeks leave to file an amended complaint post-judgment, her request is denied.  "A party seeking to file an amended complaint postjudgment must first have the judgment vacated or set aside pursuant to Fed. R. Civ. P. 59(e) or 60(b)."  *Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008).  Walsh has not so moved, nor does her case present the "exceptional circumstances" warranting such extraordinary relief.  *See Paddington Partners v. Bouchard*, 34 F.3d 1132, 1142 (2d Cir. 1994) (citation omitted).

But even assuming that a post-judgment motion to amend is appropriate at this stage, the motion is nonetheless denied on grounds of futility.  *See Ruotolo*, 514 F.3d at 191.  ("Leave to amend, though liberally granted, may properly be denied for . . . futility of amendment[.]") (internal quotation omitted).  In her opposition to the motion to dismiss, Walsh proffered additional allegations on the element of materiality under the FDCPA, and sought leave to amend if the allegations contained in the original complaint were deemed deficient.  *See* Pl.'s Mem. in Opp'n (doc. # 53), at 19, 33; Pl.'s Mem. in Opp'n (doc. # 54), at 19, 21.  The Order, however, specifically addressed Walsh's newly-proffered allegations on materiality, rejected them as insufficient as a matter of law, and dismissed the complaint with prejudice.  *See Walsh*,

---

[3] Even if timely filed, the Motion otherwise fails to meet the strict standard for reconsideration.  *See Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995) ("[R]econsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court.").  The three major grounds for granting a motion for reconsideration are: (1) an intervening change of controlling law, (2) the availability of new evidence, or (3) the need to correct a clear error or prevent manifest injustice. *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992).  Walsh, however, has not introduced any such change in controlling law or newly-discovered evidence, nor has she otherwise indicated a clear error or manifest injustice requiring reconsideration.  Rather, Walsh's Motion is merely an attempt to relitigate issues previously decided.  *See Shrader*, 70 F.3d at 257 ("[A] motion to reconsider should not be granted where the moving party seeks solely to relitigate an issue already decided.").  Walsh's Motion, construed as a motion for

- 5 -

2012 WL 4372251, at *5-6, *8.  As I stated in that Order, "the fact that Walsh was compelled to retain counsel to defend against the debt does not transform defendants' procedural misconduct into material misrepresentations within the ambit of [the FDCPA]." *Id.* at *5.  The Second Circuit recently acknowledged the accuracy of my position by quoting that very statement in a closely-analogous case.  *See Gabriele v. Am. Home Mortg. Servicing, Inc.*, 2012 WL 5908601, at *4 (2d Cir. Nov. 27, 2012) (quoting *Walsh*, 2012 WL 4372251, at *5).  Thus, Walsh's proposed revisions to the complaint would not cure its fundamental defects, rendering any such amendment futile.  *See Ruotolo*, 514 F.3d at 191.  Accordingly, Walsh's belated request for leave to file an amended complaint is denied.  Walsh's complaint was—and still is—dismissed with prejudice.

For the reasons stated above, Walsh's Motion to Amend and/or Provide Additional Findings (doc. # 60) is DENIED.

It is so ordered.

Dated at Bridgeport, Connecticut, this 7th day of January 2013.

>  /s/ Stefan R. Underhill
> Stefan R. Underhill
> United States District Judge

---

reconsideration, lacks substantive merit and is therefore denied on that basis as well.